UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KAYLAN W. HOLMES,  )
                    )  No. 1:09-CV-259
v.                  )  Chief Judge Curtis L. Collier
                    )
GREG GONZALEZ, et al. )
                    )

**MEMORANDUM**

Before the Court are two motions to dismiss filed by Defendants Greg Gonzalez, Mike Igney, Chris Adams, Beau Barker, Christy Beadle Adams, Wes Martin, Steven Henley, Tat Mysayphonh, Brian Williams, Nicole Chamblee, and Jack T. Lay (collectively, "Defendants") (Court File Nos. 8, 15). The first motion is based on Plaintiff's failure to state a claim (Court File No. 8) and the second is based on insufficiency of service of process (Court File No. 15). Although *pro se* Plaintiff Kaylan W. Holmes ("Plaintiff") filed a response in opposition to the first motion to dismiss (Court File No. 14), he failed to respond to the supplemental motion to dismiss.[1] Because the Court concludes the action should be dismissed based on Plaintiff's failure to properly serve the defendants, the Court **GRANTS** Defendants' supplemental motion (Court File No. 15) and **DENIES AS MOOT** Defendants' motion to dismiss for failure to state a claim (Court File No. 8).

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff's claims arise out of alleged constitutional violations committed by eleven

---

[1] Under E.D.TN. LR 7.2, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." Therefore, Plaintiff has waived any opposition to Defendants' supplemental motion.

Tennessee Department of Financial Institutions ("TDFI") officials in their individual and official capacities during the period when Plaintiff was attempting to renew his check cashing license. Plaintiff initiated this action on September 30, 2009, seeking monetary damages, and declaratory and injunctive relief and attempted to serve Defendants by sending a copy of the summons and complaint by certified mail to TDFI (Court File Nos. 1, 15). An administrative services assistant at TDFI, Mr. Nicholas W. Ragsdale ("Ragsdale"), signed the return receipts for these packages on October 2 (copies of the complaint), and October 5, 2009 (copies of the summons). (Court File No. 15-1 ("Ragsdale Affidavit") ¶¶ 1, 3, 4).

On November 24, 2009, Defendants filed a motion to dismiss for failure to state a claim and lack of jurisdiction (Court File No. 8) in which they specifically reserved the defense available under Fed. R. Civ. P. 12(b)(5)(Court File No. 15).[2] In their supporting memorandum, Defendants alerted Plaintiff to the insufficiency of service of process.

> Moreover, Plaintiff has yet to properly serve process on the defendants in accordance with Fed. R. Civ. P. 4. Plaintiff served process by certified mail. Mr. Nick Ragsdale, an administrative assistant for the Department of Financial Institutions, signed the return receipts for the summonses and the Complaints. Because Mr. Ragsdale was not authorized to accept service for the defendants in either their official or individual capacities, Plaintiff has failed to properly serve process on the defendants. *See* Fed. R. Civ. P. 4(e)-(j)(2); Tenn R. Civ. P. 4.04(1), (6), (1). The defendants do not waive their objections to insufficiency of service of process and expressly reserve the defense available to them under Fed. R. Civ. P. 12(b)(5).

(Court File No. 16, pp. 8-9). On March 1, 2010, Defendants filed a supplemental motion to dismiss contending service was improper. Plaintiff did not address the issue of insufficient service of

---

[2] Prior to filing their first motion to dismiss Defendants also filed a stipulation and a motion for extension of time and to exceed page limit (Court File Nos. 4, 5). Both included a preservation of the available defenses under Fed. R. Civ. P. 12(b)(2)-(5).

2

process in his response to Defendants' initial motion to dismiss and he has not made any attempts to perfect service of process to date.

**II.     DISCUSSION**

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides a complaint may be dismissed for "insufficiency of service of process." A plaintiff is responsible for having the summons and complaint served in accordance with provisions of Fed. R. Civ. P. 4 and within the time allowed by Fed. R. Civ. P. 4(m). "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal "shall follow unless the plaintiff shows good cause for failure to meet the 120-day deadline." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (internal citations omitted). It is the "responsibility of the party opposing to dismiss" to establish good cause and this "necessitates a demonstration of why service was not made within the time constraints." *Id.* (citing *Habib v. Gen Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). Furthermore, regardless of Defendants' awareness of this lawsuit, the Sixth Circuit has clearly instructed "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

Plaintiff's complaint was filed September 30, 2009, and the Court finds Plaintiff has failed to properly serve Defendants in either their official or individual capacities within 120 days and dismissal of this action is the appropriate remedy.

**A.     Service on Defendants in their Official Capacities**

Plaintiff sued the defendants in their official capacities as state employees of TDFI. Under *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989), a suit against an employee in his official capacity is construed as a case against the governmental entity itself. Service of process on a state or any other state-created governmental organization must be effectuated by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Tennessee law, proper service on the state of Tennessee or any agency thereof requires "delivering a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general." Tenn. R. Civ. P. 4.04(6). Service by certified mail is authorized, however, the mail shall be addressed to the appropriate individual, in this case, the attorney general of the state or any assistant attorney general. *See* Tenn. R. Civ. P. 4.04(10).

Plaintiff did not properly effectuate service of process on the state of Tennessee under either method. The chief executive officer for TDFI is the commissioner. Tenn Code Ann. § 4-3-111(10). Plaintiff did not properly serve Commissioner Greg Gonzales by sending certified mail to TDFI because at no point was Ragsdale authorized to accept service of process on behalf of Commissioner Gonzales (Court File No. 15-2 ("Gonzales Affidavit") ¶ 2; Ragsdale Affidavit ¶ 6). Plaintiff's service is also insufficient under the provisions of Tennessee law because neither the Tennessee attorney general nor an assistant attorney general was ever served with process.

Accordingly, Plaintiff has failed to effectuate service on the defendants in their official capacities in compliance with either federal or state procedural rules.

    **B.**    **Service on Defendants in Their Individual Capacities**

4

Plaintiff's attempt to serve the defendants individually via certified mail to their place of employment did not satisfy the requirements of the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 4(e), an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with some person of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Plaintiff has not accomplished valid service under any of the three methods outlined in Rule 4(e)(2). Copies of the summons and complaint were not delivered personally to Defendants nor were copies left at any of Defendants' homes with a person of suitable age and discretion. Rather, copies of the complaint and summons were mailed to Defendants at their workplace and received by Ragsdale. Each defendant submitted an affidavit denying Ragsdale was an authorized agent for accepting service of process and Ragsdale's affidavit confirms the absence of any such authority (Ragsdale Affidavit; Gonzales Affidavit; Court File No. 15, Exhibits 3-12).

Alternatively, Plaintiff cannot establish valid service under Fed. R. Civ. P. 4(e)(1), as he failed to effectuate proper service of process under Tennessee law. Tennessee Rule of Civil Procedure 4.04(1), which largely follows Federal Rule of Civil Procedure 4(e)(2), allows service "[u]pon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally . . . or by delivering the copies to

an agent authorized by appointment or by law to receive service on behalf of the individual served." Again, as represented by the defendants and Ragsdale, the defendants were not personally served nor was Ragsdale "an agent authorized by appointment or law to receive service on behalf" of Defendants.

Finally, Plaintiff has not complied with Tennessee Rules of Civil Procedure 4.04(10) and 4.03(2), which outline the procedure for serving a defendant through the mail. These rules state in relevant part:

> **4.04(10)**
>
> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff [or] the plaintiff's attorney . . . . Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual . . . the return receipt mail shall be addressed to [the individual or authorized agent]. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute.
>
> **4.03(2)**
>
> When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. . . . If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

6

Tenn. R. Civ. P. 4.03(2) & 4.04(10).[3]

Here, Ragsdale signed for the certified mail instead of any of the defendants or authorized agents. Accordingly, service was not "complete" under Tenn. R. Civ. P. 4.03(2), and was insufficient against the defendants individually. *See Dortch v. First Fidelity Mortgage Co. of Mich., Inc.*, 8 F. App'x 542, 546 (6th Cir. 2001) (holding service upon the chief executive officer who was being sued in his individual capacity was improper where the copies were sent by certified mail to the chief executive officer's place of employment and signed for by the treasurer of the company); *Chicago Title Ins. Co. v. Dewrell Sacks, LLP*, No. 3:08-1083, 2009 WL 5217021 at *5 (M.D. Tenn. Dec. 30, 2009) ("While the Tennessee Rules of Civil Procedure allow a plaintiff to attempt service by mail, actually effecting service by mail requires more than merely dropping the summons and Complaint in the mailbox . . . . unless the package is actually received and signed for by the defendant or his authorized agent, service of process by mail delivery is not effective."); *Massey v. Hess*, 1:05-cv-249, 2006 WL 2370205 at *2 (E.D. Tenn. Aug. 14, 2006) (determining insufficient service of process where copies of complaint and summons were sent to the defendants at their place of employment and received by an employee who was not an authorized agent).

---

[3] Although Rule 4.04(10)'s statement "Service by mail shall not be the basis for the entry of a judgment by a default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute" suggests strongly service by certified mail is sufficient, outside the context of a default judgment, even if someone other than the defendant or persons designated by Rule 4.04 or statute signs for the certified mail, it must be read in conjunction with Tenn R. Civ. P. 4.03(2). Tenn. R. Civ. P. 4.04(10). Rule 4.03(2) specifically states "When process is served by mail, . . . [i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used." Tenn. R. Civ. P. 4.03(2). Thus, when these rules are construed together, the return receipt must be signed by the defendant or by a person designated by Rule 4.04 or by statute regardless of whether a default judgment is at issue.

**B.	Dismissal of Action**

The "requirement of proper service of process is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quotation and citation omitted).  Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Capital Int'l Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987).  "There must be a basis for the defendant's amenability to service of summons," which absent consent . . . means there must be authorization for service of summons on the defendant." *Id.*; *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 353-55 (6th Cir. 2003).

Federal Rule of Civil Procedure 4(m) provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Rule 4(m) has two distinct parts.  One part of Rule 4(m) gives a district court discretion to enlarge the 120-day period for good cause shown and the other part allows a district court to dismiss a complaint without prejudice if service of the summons and complaint has not properly been made within 120 days from the filing of the complaint.  A plaintiff is precluded from relying on the date the complaint was filed to toll the statute of limitations when a claim is subject to dismissal under Fed. R. Civ. P. 12(b)(5). *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 29 (6th Cir. 1987); *see also Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 457 (6th Cir. 2009) ("a dismissal without prejudice leaves the situation the same as if the suit had never been brought . . .

[absent contrary statutory provisions] a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending").

Plaintiff's action was brought under 42 U.S.C. § 1983, for which the statute of limitations is governed by the state limitations period governing actions for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985); *Berndt v. State of Tenn. & Lakeshore Mental Health Inst.*, 796 F.2d 879-883 (6th Cir. 1986). In Tennessee, the statute of limitations for civil rights actions is one year. Tenn. Code Ann. § 28-3-104(a); *Foster v. State*, 150 S.W. 3d 166, 168 (Tenn. Ct. App. 2004). This limitations period "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Even giving a liberal interpretation to the timeline of allegations in the complaint, the injuries purportedly sustained occurred more than one year ago, culminating in Plaintiff's store closing in January 20, 2009 (Court File No. 1 at ¶ 3). Thus, Plaintiff's cause of action is time-barred under Tenn. Code Ann. § 28-3-104(a)(3).

Despite the potentially harsh consequences of Plaintiff's failure to serve the defendants properly, Plaintiff has made no attempts to correct service or to explain his failure to comply with either the federal or Tennessee rules governing service of process. Plaintiff's *pro se* status suggests he may be unfamiliar with the rules of service of process, however, ignorance of the rules is not enough to establish good cause. *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992). Although more lenient consideration is given *pro se* litigants under some circumstances, there is no suggestion that "procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (referring to *pro se* prisoner's failure to properly adhere to statutory requirements for exhausting administrative

9

remedies). Further, lack of prejudice and actual notice to the defendants are insufficient to establish good cause for failing to effectuate proper service. *Moncrief*, 961 F.2d at 596-97.

Even if Plaintiff initially was not aware of rules governing service of process, the defendants put Plaintiff on notice of the problem in their initial motion. Defendants cited the specific procedural rules and service of process deficiencies in their motion to dismiss filed November 24, 2009 (Court File No. 8). Plaintiff responded to this motion but did not address the problem of service and did not attempt to correct it. The Court finds Plaintiff has had ample time and opportunity to remedy the insufficient service of process or move for an extension of time from the Court. Plaintiff failed to file any response to Defendants' supplemental motion to dismiss, which described in detail the failure to properly serve any of the defendants (Court File No. 15). Establishing good cause is the responsibility of the Plaintiff and "necessitates a demonstration of why service was not made within the time constraints." *Nafziger*, 467 F.3d at 521; *Habib*, 15 F.3d at 73. The Court is not required to extend the 120-day window under Fed. R. Civ. P. 4(m) and determines dismissal is warranted as Plaintiff has failed to make any attempt to establish good cause or to correct service of process.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Court File No. 15) will be **GRANTED** and this action will be **DISMISSED**. Defendants' alternate motion (Court File No. 8) will be **DENIED AS MOOT**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**